**Gilbert CHARLAND, in his capacity as shareholder of Country View Golf Club, Inc.**

v.

**COUNTRY VIEW GOLF CLUB, INC. et al.**

**No. 93–45–Appeal.**

Supreme Court of Rhode Island.

July 12, 1993.

Edward St. Onge, Smithfield, for plaintiff.

William L. Bernstein, Greenville, for defendant.

OPINION

PER CURIAM.

This case came before this court for oral argument on June 15, 1993, pursuant to an order directing both parties to show cause

why the plaintiff's appeal and the defendant's cross-appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown.

The plaintiff, Gilbert Charland, a minority shareholder in a golf course, filed a complaint in Superior Court for dissolution of defendant's golf course corporation (Country View Golf Club, Inc.). In that proceeding, plaintiff's shares were valuated, and that valuation was appealed to this court, which, after briefing and argument, remanded the case to the Superior Court for further findings. 588 A.2d 609. The remand resulted in an amended valuation of plaintiff's shares. The plaintiff then appealed to this court, and defendant cross-appealed.

Our review of the record reveals no error. We are of the opinion that in valuating the plaintiff's shares, the trial justice considered all the evidence and made a reasonable decision. In *Bengtson v. Hines*, 457 A.2d 247, 251 (R.I.1983), this court stated,

> "It is well settled that the findings of a trial judge sitting without a jury are entitled to great weight and will not be disturbed on appeal unless it appears from the record that he or she was clearly wrong or overlooked or misconceived material evidence."

Consequently, we deny and dismiss the plaintiff's appeal and the defendant's cross-appeal, and affirm the Superior Court order valuating the plaintiff's shares.